# BakerHostetler

July 2, 2020

The proposed schedule for the filing and briefing of the motion to dismiss is approved. Discovery is stayed. Conference is adjourned from July 20 to December 7, 2020 at 12 PM.

SO ORDERED.
July 2, 2020.

_____
P. Kevin Castel
United States District Judge

Baker&Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

Jonathan B. New
direct dial: 212.589.4650
jnew@bakerlaw.com

Honorable P. Kevin Castel
United States District Judge, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
Courtroom 11D
New York, New York 10007

Re:   *Robert Picon, individually and on behalf of all others similarly situated v. Travelex Currency Services Inc.*, No. 1:20-cv-3147 (PKC)

Dear Judge Castel:

We represent Defendant Travelex Currency Services Inc., ("Travelex") in the above-referenced action, scheduled for a pre-trial conference on July 20, 2020.  For the reasons set forth below, we respectfully request that the Court set a briefing schedule for Travelex's motion to dismiss the Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, and adjourn the Initial Pretrial Conference until a date on or after November 5, 2020, which is 30 days after Travelex's Reply brief would be due pursuant to the proposed briefing schedule.  Plaintiff does not oppose the requested relief.

In accordance with this Court's Individual Practices, we sent a letter on June 15, 2020 outlining various deficiencies in the Complaint that we planned to challenge in a motion to dismiss (the "June 15 Letter").  A copy of the June 15 Letter is attached for your convenience.  After receiving our June 15 Letter, the Court directed plaintiff to respond "unambiguously and unequivocally whether he intends to amend his complaint at this time.  Response due June 23, 2020." (ECF 16).

On June 23, plaintiff filed an amended complaint and sent a letter claiming that the amendment rendered our June 15 Letter moot.  (ECF 17-18). The amended complaint, however, does not address any of the pleading deficiencies outlined in our June 15 Letter.  Instead, it merely adds a

Honorable P. Kevin Castel
July 2, 2020
Page 2

cause of action under the California Consumer Privacy Act ("CCPA"). (Amend. Compl. ¶¶ 42-50).

We write to state our intention to file a motion to dismiss the amended complaint for the same reasons outlined in our June 15 Letter. As to the CCPA claim, the incident giving rise to plaintiffs' claims in this case occurred in December 2019, prior to the January 1, 2020 effective date of the CCPA. (Amend. Compl. ¶ 7). We intend to move to dismiss the CCPA claim on the purely legal ground that CCPA is not a retroactive statute. *See* Cal. Civ.§ 1798.198(a) ("[T]his title shall be operative January 1, 2020."). There are additional deficiencies with plaintiff's CCPA claim, including that plaintiff failed to give sufficient notice of the specific CCPA violations claimed prior to filing the amended complaint.

Given that the plaintiff has had an opportunity to amend the complaint to correct the pleading deficiencies outlined in our June 15 letter and has expressly stated an intention not to do so, and given that the newly added CCPA claim raises a purely legal question of retroactivity, we respectfully suggest that the court set a briefing schedule on a motion to dismiss, which the parties propose as follows:

> Travelex's Motion and Opening Brief shall be due on August 14, 2020, Plaintiff's Opposition shall be due on September 14, 2020, and Travelex's reply shall be due on October 5, 2020.

Defendant also requests that the Initial Pretrial Conference be postponed until November 5, 2020 or a date thereafter that is convenient for the court. Plaintiff does not oppose this request.

This is Travelex's second request for an adjournment of the Initial Pretrial Conference. The Court previously granted Travelex's request to adjourn the Initial Pretrial Conference from June 24, 2020 until July 20, 2020.

Sincerely,

s/Jonathan B. New

Jonathan B. New