# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

ROBERT PICON, individually and on behalf of all others similarly situated,

        Plaintiff,

v.

TRAVELEX CURRENCY SERVICES INC.,

        Defendant.

CASE NO. 1:20-CV-03147-PKC

**TRAVELEX CURRENCY SERVICES INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED CLASS ACTION COMPLAINT UNDER RULES 12(B)(1) AND 12(B)(6)**

**BAKER & HOSTETLER LLP**
45 Rockefeller Plaza
New York, New York 10111
Phone: (212) 589-4200
Fax: (212) 589-4201
*Attorneys for Defendant Travelex Currency Services Inc.*

## <u>TABLE OF CONTENTS</u>

**Page**

INTRODUCTION ...................................................................................................................1

BACKGROUND AND PLAINTIFF'S CLAIMS ..................................................................2

LAW AND ARGUMENT .......................................................................................................4

    I.     Plaintiff Lacks Article III Standing....................................................................4

          A.     Plaintiff's Alleged Increased Risk and Potential Mitigation Efforts are not Sufficient to Confer Standing ...............................................5

          B.     An Alleged Diminished Value of Personal Information or an Alleged Loss of Privacy is Not an Injury-in-Fact......................................8

    II.    The Complaint Should Also Be Dismissed for Failure to State a Claim Upon Which Relief Can Be Granted ................................................................9

          A.     Standard of Review..................................................................................9

          B.     Plaintiff Fails to State a Violation of the CCPA .........................................9

          C.     Plaintiff Fails to State a Claim for Negligence ..........................................10

          D.     Plaintiff Fails to State a Claim for Negligence Per Se..............................13

          E.     Plaintiff's Unjust Enrichment Claim Fails.................................................14

          F.     Plaintiff's Claim Under the California Unfair Competition Law, Bus. & Prof. Code § 17200 et seq. ("UCL") Fails Because He Does Not Allege a Loss of Money or Property........................................................15

CONCLUSION....................................................................................................................17

i

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*532 Madison Ave. Gourmet Foods, Inc. v. Finlandia Ctr., Inc.*,
    96 N.Y.2d 280, 727 N.Y.S.2d 49, 750 N.E.2d 1097 (2001)....................................................12

*Allen v. Wright*,
    468 U.S. 737 (1984)..................................................................................................................4

*Ambac Assurance Corp. v. U.S. Bank Nat'l Assoc.*,
    328 F. Supp. 3d 141 (S.D.N.Y. 2018)....................................................................................12

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..................................................................................................................9

*Bardin v. DaimlerChrysler Corp.*,
    136 Cal. App. 4th 1255, 39 Cal. Rptr. 3d 634 (2006)............................................................16

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)..................................................................................................................9

*Bem v. Stryker Corp.*,
    No. C 15-2485 MMC, 2015 WL 4573204 (N.D. Cal. July 29, 2015)....................................12

*Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.*,
    448 F.3d 573 (2d Cir. 2006)...................................................................................................14

*Castillo v. Seagate Tech., LLC*,
    No. 16-CV-01958-RS, 2016 WL 9280242 (N.D. Cal. Sept. 14, 2016)............................11, 12

*Castle v. United States*,
    No. 15-0197, 2017 WL 6459514 (N.D.N.Y. Dec. 18, 2017) .................................................14

*Caudle v. Towers, Perrin, Forster & Crosby, Inc.*,
    580 F. Supp. 2d 273 (S.D.N.Y. 2008)....................................................................................12

*City of Los Angeles v. Lyons*,
    461 U.S. 95 (1983)..................................................................................................................16

*Clapper v. Amnesty International USA*,
    133 S. Ct. 1138 (2013)........................................................................................................5, 6, 7

*Cortez v. Purolator Air Filtration Products Co.*,
    23 Cal. 4th 163 (2000) ...........................................................................................................17

*DaimlerChrysler Corp. v. Cuno,*
    547 U.S. 332 (2006)...................................................................................................4

*Dance v. Town of Southampton,*
    95 A.D.2d 442, 467 N.Y.S.2d 203 (2d Dept. 1983) ...............................................13

*Day v. AT&T Corp.,*
    63 Cal. App. 4th 325, 74 Cal.Rptr.2d 55 (1998)....................................................15

*Durell v. Sharp Healthcare*
    (2010) 183 Cal.App.4th 1350, 108 Cal.Rptr.3d 682...............................................15

*Elk Grove Unified Sch. Dist. v. Newdow,*
    542 U.S. 1 (2004) .....................................................................................................4

*Graham v. VCA Animal Hosps., Inc.,*
    729 F. App'x 537 (9th Cir. 2018) ...........................................................................15

*Green v. eBay,*
    2015 WL 2066531 (E.D. La. May 4, 2015)...........................................................7, 8

*Hammond v. The Bank of New York Mellon Corp.,*
    No. 08 CIV. 6060 RMB RLE, 2010 WL 2643307 (S.D.N.Y. June 25, 2010) .......10

*Hollingsworth v. Perry,*
    570 U.S. 693 (2013)..................................................................................................4

*Kaye v. Grossman,*
    202 F.3d 611 (2d Cir. 2000)....................................................................................14

*Khan v. Children's Nat'l Health Sys.,*
    188 F.Supp.3d 524 (D. Md. 2016) ...........................................................................8

*Krottner v. Starbucks Corp.,*
    406 F. App'x 129 (9th Cir. 2010) ...........................................................................12

*Lazebnik v. Apple, Inc.,*
    No. 5:13-cv-4145, 2014 WL 4275008 (N.D. Cal. Aug, 29, 2014) .........................15

*Levine v. Blue Shield of California,*
    189 Cal. App. 4th 1117, 117 Cal. Rptr. 3d 262 (2010)...........................................15

*Lugo v. St. Nicholas Assocs.,*
    2 Misc. 3d 212, 772 N.Y.S.2d 449 (Sup. Ct. 2003), *aff'd,* 18 A.D.3d 341, 795
    N.Y.S.2d 227 (2005)................................................................................................13

*Lujan v. Defenders of Wildlife,*
    504 U.S. 555 (1992)..................................................................................................4

*Naughright v. Weiss*,
  826 F. Supp. 2d 676 (S.D.N.Y. 2011) ..................................................................13

*Parker Madison Partners v. Airbnb, Inc.*,
  283 F. Supp. 3d 174 (S.D.N.Y. 2017) ..................................................................5

*Pena v. British Airways, PLC (UK)*,
  No. 18CV6278LDHRML, 2020 WL 3989055 (E.D.N.Y. Mar. 30, 2020) ...........8

*Peredia v. HR Mobile Servs., Inc.*,
  25 Cal. App. 5th 680 (Cal. Ct. App. 2018) .........................................................10

*Quiroz v. Seventh Ave. Ctr.*,
  140 Cal. App. 4th 1256 (2006) ............................................................................14

*Raines v. Byrd*,
  521 U.S. 811 (1997) ..............................................................................................4

*Rangon v. Skillman Ave. Corp.*,
  No. 37311/07, 2010 WL 2197787 (N.Y. Sup.Ct. June 3, 2010) ..........................10

*Reilly v. Ceridian Corp.*,
  664 F.3d 38 (3d Cir. 2011) ...................................................................................6

*Rudolph v. Hudson's Bay Co.*,
  No. 18-CV-8472 (PKC), 2019 WL 2023713 (S.D.N.Y. May 7, 2019) ........6, 7, 8

*In re Sci. Applications Int'l Corp. (SAIC) Backup Tape Data Theft Litig.*,
  45 F. Supp. 3d 14 (D.D.C. 2014) ...................................................................6, 7, 8

*Shafran v. Harley-Davidson, Inc.*,
  No. 07 CIV. 01365 (GBD), 2008 WL 763177 (S.D.N.Y. Mar. 20, 2008) ......11, 12

*Shmushkina v. Price is Right of Brooklyn, Inc.*,
  839 N.Y.S.2d 683 (N.Y.2007) ..............................................................................11

*Shostack v. Diller*,
  No. 15-CV-2255 GBD JLC, 2015 WL 5535808 (S.D.N.Y. Sept.16, 2015) ..........14

*In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*,
  996 F. Supp. 2d 942 (S.D.Cal. 2014) ...................................................................13

*Spoeko, Inc. v. Robins*,
  136 S. Ct. 1540 (2016) .......................................................................................4, 5

*Thomas v. Kimpton Hotel & Rest. Grp.*,
  LLC, No. 19-CV-01860-MMC, 2020 WL 3544984 (N.D. Cal. June 30, 2020) ........16, 17

*Waldo v. Eli Lilly & Co.*,
   No. CIV. S-13-0789, 2013 WL 5554623 (E.D. Cal. Oct. 8, 2013) ........................................14

*Whalen v. Michaels Stores, Inc.*,
   689 F. App'x 89 (2d Cir. 2017)..............................................................................................7

*In re Zappos.com, Inc., Customer Data Security Litig.*,
   2016 WL 2637810 (D. Nev. May 6, 2016)..............................................................................8

**Statutes**

California Consumer Privacy Act, Cal. Civ. Code. § 1798.55 .........................................2, 3, 9, 10

California Unfair Competition Law, Bus. & Prof. Code § 17200 et seq. ........................2, 3, 15, 16

Federal Trade Commission Act, 15 U.S.C. § 45 ..............................................................2, 3, 14

**Rules**

Federal Rule of Civil Procedure 12(b).................................................................... *passim*

## INTRODUCTION

Defendant Travelex Currency Services Inc. ("Travelex") respectfully submits this memorandum of law in support of its motion to dismiss Plaintiff's Amended Complaint (the "Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of standing sufficient to confer subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

This case arises out of a ransomware attack carried out on certain of Travelex's computer systems in late 2019. The Plaintiff, Robert Picon, brings claims arising out of that ransomware attack. The Complaint seeks relief under five causes of action, all premised on the assumption that certain, unidentified personal information about Mr. Picon may have been compromised during the attack. Plaintiff, however, has not made any allegations that he, or anyone else, has suffered identify theft or incurred any economic losses as a result of the ransomware attack. In fact, Plaintiff has failed to even identify specifically what personal information about him he believes was compromised. His claims all rest on mere speculation that unidentified personal information was actually stolen in the attack, that any such alleged information affected could be used to harm him, and criminal actors might actually use the information to harm him in the future.

All claims brought in the Complaint should be dismissed for lack of standing under Federal Rules of Civil Procedure 12(b)(1) because of Plaintiff's failure to sufficiently allege any actual injury causally connected to the ransomware attack. Moreover, even if Plaintiff could meet his burden of alleging an Article III injury that is causally connected to the ransomware attack, which he does not, all of the pleaded claims fail as a matter of law under Rule 12(b)(6) as Plaintiff fails to plead sufficient facts supporting all required elements of each claim.

Plaintiff's state law claims for negligence and negligence *per se* must be dismissed for numerous reasons. To begin, both causes of action require an allegation of actual injury, which

the Complaint lacks.  Additionally, Travelex did not owe plaintiff a duty to protect personally identifiable information.  Further, New York state does not allow negligence *per se* to be based on a statute that does not contain a private right of action, like Section 5 of the Federal Trade Commission Act, the statute on which Plaintiff relies.  To the extent California law applies, California does not recognize a separate cause of action for negligence *per se*.  The economic loss doctrine also bars negligence and negligence *per se* claims in both California and New York, as any potential future harms are purely economic.

With regard to the claim under the California Unfair Competition Law, Bus. & Prof. Code § 17200 et seq., Plaintiff alleges no injury.  He also has not pled facts to support that Travelex committed any "unfair, fraudulent and unlawful business practices."

As to the unjust enrichment claim, Plaintiff has not pled facts sufficient to satisfy any of the required elements beyond boilerplate, conclusory allegations.  Further, in California, there is no independent cause of action for unjust enrichment.

Lastly, Plaintiff has failed to allege all of the requisite elements of the California Consumer Privacy Act, Cal. Civ. Code. § 1798.55, did not provide sufficient notice of the alleged violation, and as the CCPA did not go into effect until January 1, 2020, even if Travelex was in violation, which it is not, it would not apply to the ransomware attack at issue.

For these and the other reasons set forth below, the Complaint should be dismissed.

## BACKGROUND AND PLAINTIFF'S CLAIMS

On January 2, 2020, Travelex made a public announcement that it had been the victim of a ransomware attack in late 2019.  Plaintiff's claims are premised on the mere fact that this ransomware attack occurred.  He makes no allegation that any misuse of personally identifiable information ("Personal Information") regarding any individual has occurred as a result of the ransomware attack.

2

Plaintiff asserts that his claims against Travelex are based on "its failure to secure and safeguard his personal identifying information" and the Personal Information of the putative class. (Compl. ¶ 1.)  Yet Plaintiff does not allege any specific facts other than that he "used a Travelex kiosk in 2018 at an airport in California to exchange currency for a trip to Mexico." (Compl. ¶28.) Plaintiff does not allege any specific Personal Information he provided to Travelex, nor any specific financial loss or other harm he claims to have suffered as a result of the ransomware attack.

Plaintiff proposes to represent a nationwide class "defined as all persons residing in the United States whose personal information was disclosed in the Data Breach affecting Travelex." (Compl. ¶ 31.  He also proposes to represent a California Class, defined as "all persons residing in California whose personal information was disclosed in the Data Breach affecting Travelex." (Compl. ¶ 32.)

Plaintiff's Complaint seeks relief under five causes of action: (1) violation of the California Consumer Privacy Act, Cal. Civ. Code §§ 1798.100, et seq., (the "CCPA"); (2) negligence; (3) unjust enrichment; (4) violation of California's Unfair Competition Law, Bus. & Prof. Code § 17200 et seq. ("UCL"); and (5) negligence *per se* for violation of the Federal Trade Commission Act, 15 U.S.C. § 45 ("FTC Act").  Plaintiff's core allegations are that Travelex "inadequately protected" his and putative class members' Personal Information and failed to provide them with "detailed, prompt disclosure" of the ransomware attack.  (Compl. ¶¶ 15, 19.)  However, he never specifically alleges what personal information Travelex possesses or whether any information was actually exfiltrated from Travelex's systems, nor does he specify any specific damages suffered.

The "damages" alleged are highly speculative, future or abstract harms, including: (1) "substantially increased [] risk of identity theft"; (2) "loss of privacy, nuisance and diminished value of Personal Information"; (3) future expenditure of "additional time and money mitigating

the threat of identity theft". (Compl. ¶¶ 28, 49, 54, 73.)   Plaintiff nevertheless seeks "actual damages, as well as punitive damages and equitable and injunctive relief." (Compl. ¶ 25.)

## LAW AND ARGUMENT

## I.   PLAINTIFF LACKS ARTICLE III STANDING

"No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal court jurisdiction to actual cases or controversies." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341-42 (2006) (quoting *Raines v. Byrd*, 521 U.S. 811, 818 (1997)).   Article III standing "enforces the Constitution's case-or-controversy requirement."   *DaimlerChrysler*, 547 U.S. at 342 (quoting *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004)).   To have standing under Article III "[a] plaintiff must allege [1] personal injury [2] fairly traceable to the defendant's allegedly unlawful conduct and [3] likely to be redressed by the requested relief."   *Id.* (quoting *Allen v. Wright*, 468 U.S. 737, 750 (1984)).

Injury in fact is the "[f]irst and foremost" of standing's three elements.   *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016).   "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'"   *Id.* at 1548 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

Because these are constitutional requirements, "standing in federal court is a question of federal law, not state law." *Hollingsworth v. Perry*, 570 U.S. 693, 715 (2013).   The plaintiff "bears the burden of establishing these elements" and "[w]here ... a case is at the pleading stage, the plaintiff must 'clearly ... allege facts demonstrating' each element." *Parker Madison Partners v. Airbnb, Inc.,* 283 F. Supp. 3d 174, 180 (S.D.N.Y. 2017) (*quoting Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547, 194 L.Ed.2d 635 (2016) (internal citations omitted)).

4

A.     **Plaintiff's Alleged Increased Risk and Potential Mitigation Efforts are not Sufficient to Confer Standing**

Plaintiff first claims standing based on an alleged increased risk of identity fraud and corresponding mitigation efforts. (Compl. ¶ 21).  He alleges that as a result of the ransomware attack, Plaintiff and putative class members "have been placed at an imminent, immediate, and continuing increased risk of harm from identity theft and identity fraud, requiring them to take the time which they otherwise would have dedicated to other life demands such as work and effort to mitigate the actual and potential impact of the Data Breach." (Compl. ¶ 21.)

These allegations of increased risk and unspecified efforts to mitigate that increased risk are too speculative to meet the strict standards imposed by the Supreme Court for a risk of future harm to support Article III standing.  In *Clapper v. Amnesty International USA*, 133 S. Ct. 1138, 1146 (2013), the Supreme Court held that even an "objectively reasonable likelihood" of future harm is not enough.  Instead, the Court held "we have repeatedly reiterated that threatened injury must be *certainly impending* to constitute injury in fact, and that allegations of *possible* future injury are not sufficient*." Id.* (emphasis in original, quotations omitted).  The Court there rejected standing based on potential surveillance of confidential communications because it was "speculative whether the Government will imminently target communications to which respondents are parties." *Id.* at 1149.  The Court was unwilling to "abandon our usual reluctance to endorse standing theories that rest on speculation about the decisions of independent actors." *Id.* at 1150.

Plaintiff's claims cannot plausibly support the conclusion that there is a "certainly impending" risk of future harm as is required under *Clapper*.  The allegations of injury in this case are mere allegations of speculative future harm, or tenuous intangible alleged harms, of the type that this Court found insufficient to support Article III standing in *Rudolph v. Hudson's Bay Co.*,

No. 18-CV-8472 (PKC), 2019 WL 2023713 (S.D.N.Y. May 7, 2019).  Here, Plaintiff does not even make any specific allegations about what information he provided to Travelex or how that information might have actually been misused to harm him following the ransomware attack.  This omission is significant, as the type of transaction described in the Complaint is not one that would inevitably require providing personally identifiable information or other sensitive information that could be used for future harm, such as a credit card or social security number.

Over seven months have passed since the ransomware attack and Plaintiff cannot make any factual allegations to demonstrate that any identity fraud has occurred as a result or to suggest that the motivation behind the cyberattack was to steal information that could be used to commit identity fraud, as opposed to merely making the information inaccessible to Travelex in the hopes of extracting a ransom.  Federal courts have found similar speculative allegations to be insufficient to meet the standards discussed in *Clapper*.  In *Reilly v. Ceridian Corp.,* 664 F.3d 38 (3d Cir. 2011), a database hack possibly exposed "employees' names, addresses, social security numbers, dates of birth, and bank account information." *Id.* at 40. "Still, the Third Circuit held that, where it was 'not known whether the hacker read, copied, or understood the data,' injury remained speculative." *In re Sci. Applications Int'l Corp. (SAIC) Backup Tape Data Theft Litig.,* 45 F. Supp. 3d 14, 26 (D.D.C. 2014) (quoting *Reilly*, 664 F.3d at 40).

Plaintiffs' conclusory allegations about time and effort associated with mitigating the risk of future identity theft do not save the complaint from dismissal under Article III. First, a plaintiff cannot "manufacture standing" by spending time or money to mitigate against a non-imminent harm.  *Clapper*, 133 S. Ct. at 1151 ("[A]llowing respondents to bring this action based on costs they incurred in response to a speculative threat would be tantamount to accepting a repackaged

version of respondents' first failed theory of standing."); *see also Green v. eBay*, 2015 WL 2066531, at *5 (E.D. La. May 4, 2015); *In re SAIC,* 45 F. Supp. at 25-28.

Moreover, even when mitigation efforts might otherwise support standing, they must be pled with enough specificity to establish that they amount to more than a mere nuisance. *Whalen v. Michaels Stores, Inc.,* 689 F. App'x 89, 91 (2d Cir. 2017).   In *Whalen,* the plaintiff   "pleaded no specifics about any time or effort that she herself has spent monitoring her credit," and the complaint alleged "only that 'consumers must expend considerable time' on credit monitoring, and that she 'and the Class suffered additional damages based on the opportunity cost and value of time that [she] and the Class have been forced to expend to monitor their financial and bank accounts.'"   *Whalen v. Michaels Stores, Inc.,* 689 F. App'x 89, 91 (2d Cir. 2017).   As such, the Second Circuit found that the plaintiff in *Whalen* lacked Article II standing.  *Id.*   Similarly, the potential, speculative harms and "nuisance" alleged in the present case are insufficient to establish Mr. Picon's standing.

In this case, Plaintiff has not actually spent any time or money to mitigate any supposed harm.   Instead he nebulously alleges that he "must now expend additional time and money mitigating the threat of identity theft that would not be necessary but for the Data Breach." (Compl. ¶ 28.)   Nor has he made any specific allegation of actual financial loss similar to the allegation in *Rudolph* that the plaintiff incurred expenses associated with obtaining a replacement card, which was the only alleged injury in that case that this Court found sufficient to satisfy Article III. *Rudolph*, 2019 WL 2023713, at *6 (S.D.N.Y. May 7, 2019).   The speculative, vague allegations made in the Complaint in this case are not sufficient to support standing.  *Id.*

**B.      An Alleged Diminished Value of Personal Information or an Alleged Loss of Privacy is Not an Injury-in-Fact**

Plaintiff also claims injury based on his alleged "diminished value of personal information." (Compl. ¶ 28.)  This theory has also been rejected by various courts as an injury in fact supporting standing where, as here, plaintiff has "failed to allege any facts showing the data breach actually deprived them of any value."  *See In re Zappos.com, Inc., Customer Data Security Litig.*, 2016 WL 2637810, at *4 (D. Nev. May 6, 2016); *Khan v. Children's Nat'l Health Sys.,* 188 F.Supp.3d 524, 533 (D. Md. 2016); at 14 ("[Plaintiff] does not, however, explain how the hackers' possession of that information has diminished its value, nor does she assert that she would ever actually sell her own personal information."); *Green*, 2015 WL 2066531, at *5 n.5 ("Even if the Court were to find that personal information has an inherent value and the deprivation of such value is an injury sufficient to confer standing, Plaintiff has failed to allege facts indicating how the value of his personal information has decreased as a result of the Data Breach."); *In re SAIC*, 45 F. Supp. 3d at 30 ("As to the value of their personal and medical information, Plaintiffs do not contend that *they* intended to sell this information on the cyber black market in the first place, so it is uncertain how they were injured by this alleged loss.") (emphasis in original).  Most recently, a decision from the Eastern District of New York followed the growing jurisprudence and held that neither a loss of value nor a loss of privacy were sufficient injuries to confer standing. *Pena v. British Airways, PLC (UK),* No. 18CV6278LDHRML, 2020 WL 3989055, at *2 (E.D.N.Y. Mar. 30, 2020) (holding that none of the injuries alleged, including "damages to and diminution in the value of his personal information" and "loss of privacy" were "sufficiently concrete and particularized to confer standing.")

## II.   THE COMPLAINT SHOULD ALSO BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

### A.   Standard of Review

Under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, 'to state a claim for relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Indeed, a claim is only facially plausible when its actual content allows the court to draw a reasonable inference that the defendants are liable for the misconduct alleged. *See id.* "Factual allegations must be enough to raise a right to relief above the speculative level ...." *Twombly*, 550 U.S. at 555-56. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

### B.   Plaintiff Fails to State a Violation of the CCPA

Plaintiff alleges that Travelex violated the CCPA by allegedly "failing to prevent Plaintiff's and California Class members' nonencrypted and nonredacted PII from unauthorized access and exfiltration, theft, or disclosure as a result of Defendant's violations of its duty to implement and maintain reasonable security procedures and practices." (Compl. ¶ 44.)  The incident giving rise to Plaintiff's claims in this case occurred in December 2019, prior to the January 1, 2020 effective date of the CCPA.  (Compl. ¶ 7).  The CCPA is not a retroactive statute and thus does not apply to the ransomware attack at issue. *See* Cal. Civ.§ 1798.198(a) ("[T]his title shall be operative January 1, 2020.").

Additionally, Plaintiff failed to give sufficient notice of the specific CCPA violations claimed prior to filing the amended complaint.  The CCPA's private-right-of-action provision makes clear that, "[p]rior to initiating any action against a business for statutory damages on an

individual or class-wide basis, a consumer shall provide a business 30 days' written notice *identifying the specific provisions of this title the consumer alleges have been or are being violated.*" Cal. Civ. Code § 1798.150(b)(1) (emphasis added).  In the Demand Letter sent on April 17, 2020, (Compl., Ex. A), Plaintiff failed to specifically identify any provision of the CCPA he believed Travelex violated.  As in the Complaint, the Demand Letter provided no specifics, simply stating that Travelex, "failed to implement and maintain reasonable security procedures and practices appropriate to the nature of the information, and to protect the personal information from unauthorized access, use, and disclosure," all in reference to the 2019 ransomware attack.  *Id.*  Because this assertion is not tied to a violation of any particular provision of the CCPA, it falls short of the notice required under the statute.

Lastly, even if the CCPA applied and even if Mr. Picon had given proper notice of an alleged violation of the CCPA, any possible alleged violation has been cured as was stated in Travelex's response letter to Plaintiff dated May 15, 2020. (Declaration of Jonathan B. New, Ex. 1.)

### C.  Plaintiff Fails to State a Claim for Negligence

Under New York and California law, "the elements of a negligence claim are the existence of a duty, a breach of that duty, and damages proximately caused by that breach of duty." *Hammond v. The Bank of New York Mellon Corp.,* No. 08 CIV. 6060 RMB RLE, 2010 WL 2643307, at *9 (S.D.N.Y. June 25, 2010)  (*quoting Rangon v. Skillman Ave. Corp.*, No. 37311/07, 2010 WL 2197787, at *2 (N.Y. Sup.Ct. June 3, 2010)); *Peredia v. HR Mobile Servs., Inc.,* 25 Cal. App. 5th 680, 687 (Cal. Ct. App. 2018).  In this case, Plaintiff has not alleged any of the required elements of negligence.  Plaintiff's *only* factual allegation pertaining to any connection with Travelex is that he "used a Travelex kiosk in 2018" and that "as a result of the transaction, Travelex obtained Personal Information regarding Mr. Picon."  (Compl. ¶ 28.)  Nowhere does Plaintiff

10

allege what Personal Information Travelex allegedly obtained from him, nor does it state what Personal Information he believes "was later stolen and put at risk." *Id.*

Instead of providing any details, which presumably would be well within Plaintiff's knowledge, the Complaint conclusorily states that "Defendant owed a duty to Plaintiff and Class Members, who were required to provide their Personal Information to Defendant in connection with using its services. Defendant created a duty through its voluntary actions in collecting and storing the Personal Information for its own benefit, as well as by its assurances that it would safeguard that information." (Compl. ¶ 53.)  Without any details as to what assurances were given, how they were given, or what Personal Information was provided, these allegations are insufficient to establish any duty of care owed by Travelex to Plaintiff.

Furthermore, Plaintiff fails to allege any cognizable injury he suffered as a result of the ransomware attack.  As noted above, Plaintiff has not alleged any actual financial loss.  Both California and New York law require an allegation of actual injury to state a claim for negligence. *Shafran v. Harley-Davidson, Inc.,* No. 07 CIV. 01365 (GBD), 2008 WL 763177, at *2 (S.D.N.Y. Mar. 20, 2008) (quoting *Shmushkina v. Price is Right of Brooklyn, Inc.,* 839 N.Y.S.2d 683, 684 (N.Y.2007) ("Actual injury is an element of negligence.")); *Castillo v. Seagate Tech., LLC*, No. 16-CV-01958-RS, 2016 WL 9280242, at *2 (N.D. Cal. Sept. 14, 2016) ("Negligence claims also require plaintiffs to connect the defendant's allegedly negligent conduct to a cognizable, nonspeculative harm.").  "Historically, New York, has required a high degree of probability that a future injury will occur before allowing a plaintiff to recover damages for the potential injury." *Caudle v. Towers, Perrin, Forster & Crosby, Inc.*, 580 F. Supp. 2d 273, 281 (S.D.N.Y. 2008); *see also Krottner v. Starbucks Corp.*, 406 F. App'x 129, 131 (9th Cir. 2010) (explaining that when

injury is a required element, "[t]he mere danger of future harm, unaccompanied by present damage, will not support a negligence action.").

Speculative, conclusory allegations of injury, like those made in the Complaint, are not sufficient to sustain a claim of negligence. *Bem v. Stryker Corp.,* No. C 15-2485 MMC, 2015 WL 4573204, at *1 (N.D. Cal. July 29, 2015) (dismissing a negligence claim where the plaintiff "relies solely on conclusory allegations and fails to plead any facts describing the particular defect, the injury sustained, the manner in which Stryker was negligent, or how any such negligence caused or contributed in any manner to any specified injury"); *Shafran,* 2008 WL 763177, at *3 (S.D.N.Y. Mar. 20, 2008) (dismissing a claim of negligence where "Plaintiff's alleged injuries are solely the result of a perceived and speculative risk of future injury that may never occur.").

Moreover, even if Plaintiff had alleged actual harm resulting from the ransomware incident, that harm would be entirely economic because Plaintiff alleges no physical injury or property damage.  Under both California and New York law, the economic loss doctrine bars tort claims for purely economic loss unless a "special relationship" exists between the parties. *Castillo,* 2016 WL 9280242, at *5 ("[P]laintiffs asserting negligence claims ordinarily may not recover purely economic damages unconnected to physical injury or property damage."); *Ambac Assurance Corp. v. U.S. Bank Nat'l Assoc.,* 328 F. Supp. 3d 141, 159 (S.D.N.Y. 2018) (quoting *532 Madison Ave. Gourmet Foods, Inc. v. Finlandia Ctr., Inc.,* 96 N.Y.2d 280, 727 N.Y.S.2d 49, 750 N.E.2d 1097 at 1101, 1103 (2001) "Under the economic loss doctrine, a defendant is not liable in tort for purely economic loss unless the plaintiff demonstrates that the defendant owed a duty, which 'may arise from a special relationship[,] … to protect against the risk of harm to plaintiff.'") (citation omitted).  Plaintiff never alleges that a "special relationship" existed between himself and Travelex.  And none of the few facts alleged in the Complaint would support such a finding, as to

12

allege a "special relationship" under New York law, a plaintiff must "establish something beyond an ordinary arm's length transaction[.]" *Naughright v. Weiss*, 826 F. Supp. 2d 676, 688 (S.D.N.Y. 2011). Similarly, under California law, where a plaintiff's relationship with a defendant does not go "beyond those envisioned in everyday consumer transactions," no special relationship exists. *See In re Sony Gaming Networks & Customer Data Sec. Breach Litig.,* 996 F. Supp. 2d 942, 969 (S.D.Cal. 2014).  Using a kiosk one time does not create a duty, nor a special relationship, and as such the negligence claim should be dismissed.

### D.    Plaintiff Fails to State a Claim for Negligence *Per Se*

Under New York law, violation of a statute that establishes a "specific safety duty" can constitute negligence *per se* if violation of the statute is proved, the party is found negligent and the violation is found to be the proximate cause of injury  In the case of negligence *per se*, if the violation of the statute is proved, the violating party must be found negligent, although the plaintiff must still establish that the statutory violation was a proximate cause of injury. *Lugo v. St. Nicholas Assocs.,* 2 Misc. 3d 212, 218, 772 N.Y.S.2d 449, 454–55 (Sup. Ct. 2003), *aff'd,* 18 A.D.3d 341, 795 N.Y.S.2d 227 (2005) (citing *Dance v. Town of Southampton,* 95 A.D.2d 442, 445, 467 N.Y.S.2d 203 (2d Dept. 1983)).  "However, the attribution of negligence *per se* to a statutory violation should not be applied inflexibly, but requires an exercise of judgment as to the appropriateness of the statute for that purpose." *Id.*  New York law does not allow claims for negligence *per se* based on violations of statutes where no private right of action exists. *Id.* ("If mere proof of a violation of the ADA were to establish negligence per se, plaintiff would effectively be afforded a private right of action that the ADA does not recognize. The court accordingly holds that proof of a violation of the ADA may only constitute evidence of negligence, not negligence per se.")  Therefore, in New York, Plaintiff's claim of negligence *per se* for violation of the FTC Act fails on its face as the FTC Act does not provide for a private right of

action. *Shostack v. Diller*, No. 15-CV-2255 GBD JLC, 2015 WL 5535808, at *9 (S.D.N.Y. Sept.16, 2015).

Further, the claim should be dismissed because Plaintiff failed to adequately plead the requisite element of injury or damages. *See, e.g.*, *Castle v. United States*, No. 15-0197, 2017 WL 6459514, at *10 (N.D.N.Y. Dec. 18, 2017) ("[A] finding of negligence *per se* does not make a party liable, as it still must be established that the action giving rise to the negligence *per se* finding was the proximate cause of the alleged injury.").

In the event that California law applies, Plaintiff's claim for negligence *per se* fails because California does not recognize a separate cause of action for negligence *per se*. *Quiroz v. Seventh Ave. Ctr.*, 140 Cal. App. 4th 1256, 1285 (2006). Negligence *per se* is only an "evidentiary doctrine" in California, and "does not provide a private right of action for violation of a statute." *Waldo v. Eli Lilly & Co.*, No. CIV. S-13-0789, 2013 WL 5554623, at *8 (E.D. Cal. Oct. 8, 2013). "While [plaintiff] is free to allege the facts necessary to entitle her to the evidentiary presumption, she may not plead negligence *per se* as an independent cause of action." *Id*.

**E.      Plaintiff's Unjust Enrichment Claim Fails**

Plaintiff fails to state a viable claim for unjust enrichment because he does not allege that he paid for services he did not receive.   Under New York law, to establish unjust enrichment, a plaintiff must show "'(1) that the defendant benefitted; (2) at the plaintiff's expense; and (3) that equity and good conscience require restitution.'" *Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.*, 448 F.3d 573, 586 (2d Cir. 2006) (quoting *Kaye v. Grossman*, 202 F.3d 611, 616 (2d Cir. 2000)).   In California, "'[t]here is no cause of action in California for unjust enrichment.' Unjust enrichment is synonymous with restitution," which is a remedy, not a cause of action. *Levine v. Blue Shield of California*, 189 Cal. App. 4th 1117, 1138, 117 Cal. Rptr. 3d

262, 278–79 (2010) (citing *Durell v. Sharp Healthcare* (2010) 183 Cal.App.4th 1350, 1366, 108 Cal.Rptr.3d 682).

Here, Plaintiff does not sufficiently allege what benefit Travelex received or what harm Plaintiff suffered as a result of that benefit.  Plaintiff merely recites boilerplate allegations about generic harms that amount to legal theories of relief, not factual allegations of actual injuries justifying relief.  (Compl. ¶¶ 62-63.) These allegations are insufficient to sustain a claim for unjust enrichment; and therefore, it should be dismissed.

      **F.**     **Plaintiff's Claim Under the  California Unfair Competition Law, Bus. & Prof. Code § 17200 et seq ("UCL") Fails Because He Does Not Allege a Loss of Money or Property**

To have standing under the California UCL a Plaintiff must show that he suffered an "economic injury." *Lazebnik v. Apple, Inc.* No. 5:13-cv-4145, 2014 WL 4275008 at *2 (N.D. Cal. Aug, 29, 2014).  This bar is even higher than the requirements for Article III standing. *Id.*  "A plaintiff may challenge a business practice under the UCL only if she 'has suffered injury in fact and has lost money or property as a result of the unfair competition.'" *Graham v. VCA Animal Hosps., Inc.,* 729 F. App'x 537, 539 (9th Cir. 2018); Cal. Bus. & Prof. Code § 17204. "To succeed on a fraudulent-prong UCL claim, plaintiffs must show that 'members of the public are likely to be deceived.'" *Id.* (*quoting Day v. AT&T Corp.*, 63 Cal. App. 4th 325, 332, 74 Cal.Rptr.2d 55 (1998)).

Plaintiff's Complaint does nothing more than assert conclusory allegations that mimic the language of the law.  Although Plaintiff seeks relief that is economic in nature, Plaintiff has pled no facts to describe what economic injury he and the putative California Class suffered or how they were deceived.  The Complaint does not specify what "unfair, fraudulent and unlawful business practices" Travelex allegedly committed, other than to say generically that they "engaged in a fraudulent business practice that is likely to deceive a reasonable consumer by not having

adequate measures to prevent data theft." (Compl. ¶ 72.)  The Complaint further provides no details

on what injury was allegedly suffered other than to say they "suffered an injury in fact."  (Compl.

¶ 68.) As these non-specific allegations do not meet the bar for Article III standing, they cannot

meet the higher standing requirement for claims under the California UCL, and as such, those

claims should be dismissed. *Bardin v. DaimlerChrysler Corp.,* 136 Cal. App. 4th 1255, 1275, 39

Cal. Rptr. 3d 634, 647 (2006) (dismissing UCL claim where complaint made "vague references"

and conclusory statements about harm suffered but failed to "plead[] any facts showing the basis

for that conclusion.").

Lastly, Plaintiff seeks "injunctive relief and restitution of all funds Defendant acquired as

a result of their unfair competition"; however, even if the Complaint sufficiently alleged that

Travelex violated the UCL, which it does not, Plaintiff has provided no basis as to why he is

entitled to injunctive relief or restitution.  "To have standing to seek injunctive relief, however, the

plaintiff must show the existence of a 'real or immediate threat that the plaintiff will be wronged

again.'" *Thomas v. Kimpton Hotel & Rest. Grp*., LLC, No. 19-CV-01860-MMC, 2020 WL

3544984, at *4 (N.D. Cal. June 30, 2020) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111

(1983)).  As Plaintiff does not allege facts from which the Court can infer that he and the putative

California class face "a real or immediate threat of another breach" "plaintiffs have not shown they

are entitled to injunctive relief."  *Thomas*, 2020 WL 3544984, at *4.

Regarding their claim for restitution, in California, it depends "on a plaintiff's showing his

entitlement to 'the return of the excess of what the plaintiff gave the defendant over the value of

what the plaintiff received.'" *Id. (quoting Cortez v. Purolator Air Filtration Products Co.,* 23 Cal.

4th 163, 174 (2000)).  As Plaintiff has alleged no facts stating what funds Travelex received from

him or why he did not receive the value paid for that service, the claim for restitution should be

16

dismissed. *Thomas,* 2020 WL 3544984, at *4 (N.D. Cal. June 30, 2020)(holding that Plaintiffs did not adequately allege that a portion of their hotel room fee was attributable to data security or that they did not receive the value their paid for the room).

### Conclusion

As Plaintiff has failed to allege facts to support standing to bring any of the claims made in the Complaint, has not alleged facts to support key elements of those claims, and has already amended the complaint once, the Court should grant Travelex's motion to dismiss with prejudice.


Dated:  August 14, 2020                          Respectfully submitted,

                                                 BAKER & HOSTETLER LLP

                                                 */s/ Jonathan B. New*
                                                 Jonathan B. New
                                                 Robyn M. Feldstein
                                                 Baker & Hostetler LLP
                                                 45 Rockefeller Plaza
                                                 New York, New York 10111
                                                 Tel: 212.589.4200
                                                 Fax: 212.589.4201
                                                 jnew@bakerlaw.com
                                                 rfeldstein@bakerlaw.com

                                                 Paul G. Karlsgodt
                                                 Baker & Hostetler LLP
                                                 1801 California Street, Suite 4400
                                                 Denver, CO  80202
                                                 Tel: 303.861.0600
                                                 Fax: 303.861.7805
                                                 pkarlsgodt@bakerlaw.com

                                                 *Attorneys for Defendants*

<u>**CERTIFICATE OF SERVICE**</u>

I certify that a true and correct copy of the foregoing **MOTION TO DISMISS** was served

on this 14th day of August, 2020, via the Court's electronic filing system on all counsel of record.


<u>/s/</u>